1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7  PAUL REIN,

Case No.  14-cv-01698-JD

Plaintiff,

8

v.

**ORDER GRANTING MOTION TO
DISMISS AND DENYING MOTION
FOR SANCTIONS**

9

10  LEON AINER, et al.,

Re: Dkt. Nos. 12, 13

Defendants.

11

12

13          This is an action brought by plaintiff Paul Rein, a disability rights lawyer, against

14  defendants Pamela Keith and Leon Ainer.  Pamela Keith is the daughter of Mr. Rein's deceased

15  wife, Brenda Keith Rein, from a prior marriage.  Mr. Rein has sued Ms. Keith as an individual and

16  in her capacities as trustee of the Brenda Keith Rein Living Trust and as executor of the Estate of

17  Brenda Rein.  Mr. Ainer is an attorney who is alleged to have acted on Ms. Keith's behalf.

18  Mr. Rein alleges four causes of action against Ms. Keith and Mr. Ainer, including one federal

19  claim brought under the Americans with Disabilities Act.

20          Before the Court are (1) defendants' motion to dismiss the federal ADA claim for failure to

21  state a claim and to dismiss the pendant state claims for lack of jurisdiction, and (2) defendants'

22  motion for Rule 11 sanctions and injunctive relief.  The Court grants the motion to dismiss and

23  denies the motion for sanctions.

24                                    **BACKGROUND**

25          As alleged in the operative complaint, Paul Rein is a 69-year-old lawyer who has focused

26  his practice on "public interest cases representing physically disabled persons in disability rights

27  lawsuits."  Dkt. No. 6 ¶¶ 6, 11.  These cases have included "access lawsuits to enforce the

28  Americans with Disabilities Act of 1990."  *Id*. ¶ 11.  Mr. Rein operates a law firm, the Law

United States District Court
Northern District of California

Offices of Paul L. Rein, that has been located at 200 Lakeside Drive in Oakland since 1990. *Id.* After renting an office there for six years, Mr. Rein purchased it in 1996 "in joint tenancy with his late wife, the late Brenda Rein," who died from cancer in May 2010. *Id.*

Pamela Keith is the late Mrs. Rein's 45-year-old daughter from a prior marriage. *Id.* ¶ 7. Ms. Keith "has been a corporate attorney for approximately 15 years, working for large corporate law firms in Washington D.C., Indianapolis, Chicago and Florida." *Id.* Mr. Rein alleges on information and belief that Ms. Keith's law practice "has focused on representing large corporations and defending these corporations <u>against</u> civil rights discrimination actions, including actions by disabled persons under the Americans with Disabilities Act of 1990." *Id.* ¶ 14 (emphasis in original).

The parties are currently engaged in litigation elsewhere, too -- there is a "probate action now pending in Alameda County Superior Court." *Id.* ¶ 25. For the action before this Court, the factual gravamen of Mr. Rein's complaint is that defendants allegedly "entered into a plan to defraud Paul Rein of his rights to the joint tenancy properties of his home and office upon Brenda's death, by use of grant deeds, creation of a 'trust' and a 'pour-over will,' all to be signed by Brenda and making Keith and her brother Vincent the only beneficiaries." *Id.* ¶ 16. Mr. Rein alleges that pursuant to this plan, defendants "induce[d] Brenda to sign [a] Will and Trust disinheriting Paul," and that they also recently sought in the probate action "to have the court turn over to Keith half of the value of Paul's law practice (as well as half of his house and half of his law office condominium)." *Id.* ¶ 30. Importantly, in light of the claims alleged in this action, Mr. Rein alleges that these actions by defendants were taken in order "to retaliate against Paul Rein for representing disabled persons in ADA disability rights discrimination cases against corporations, and to weaken and destroy Paul's law practice." *Id.*

Based on these allegations, Mr. Rein asserts four causes of action against defendants: (1) violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq.; (2) violation of the Unruh Civil Rights Act, California Civil Code Sections 51 and 52, on the basis of disability; (3) financial elder abuse by encumbering the property rights of a person aged 65 or over; and (4) fraud ("as an alternative depending on factual findings at trial"). *Id.* at 18-26.

United States District Court
Northern District of California

The complaint asserts that federal jurisdiction exists here "pursuant to 28 U.S.C. § 1331" because plaintiff has alleged "violations of the Americans with Disabilities Act." *Id.* ¶ 3.  In other words, his first claim under the ADA is the only basis upon which Mr. Rein invokes the Court's federal question jurisdiction.  He contends the Court has "pendant jurisdiction" over his remaining three claims, which are brought under California state law.  *Id.*

In the motion to dismiss, defendants argue that "plaintiff's sole federal cause of action fails to state a claim upon which relief may be granted" and is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 12 at 3-4.  They also argue that "Mr. Rein's pendant state law claims are also not justiciable, and must be dismissed."  *Id.*  Defendants have additionally brought a motion for Rule 11 sanctions and injunctive relief which contends, among other things, that plaintiff's complaint "advances a ludicrous legal theory" and was filed "with malice and intent to abuse civil process."  Dkt. No. 13.  Defendants request on that basis that Mr. Rein be sanctioned and prohibited from filing further "frivolous claims."  *Id.*

## DISCUSSION

### I.  GOVERNING STANDARD

Dismissal under FRCP 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted).  To avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 556).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 677).

If the Court dismisses a complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured

by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks and citation omitted).

FRCP 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies," among other things, that "it is not being presented for any improper purpose" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." The Court may impose an appropriate sanction if, "after notice and a reasonable opportunity to respond," the Court determines that Rule 11(b) has been violated. Fed. R. Civ. P. 11(c)(1). There is, however, a special procedure that applies to motions seeking sanctions under Rule 11(b). Such a motion "must be served under Rule 5," but it "must not be filed or be presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriate corrected within 21 days after service or within another time the court sets." *Id.* 11(c)(2).

**II. MOTION TO DISMISS**

As an initial matter, the tenor of the papers filed by both sides makes clear that this dispute is a highly personal and emotional family conflict. A substantial number of the parties' filings are papers that have no relevance to the legal dispute presently before the Court and no place in a motion to dismiss (or motion for sanctions) proceeding. The Court disregards those for all purposes here.

The main legal question that is before the Court is straightforward: can Mr. Rein state a claim under the ADA based on the facts alleged here, which are obviously quite different from the usual ADA case? The statutory framework that dictates the answer is, on the other hand, quite complex, and the parties' voluminous filings shed almost no light at all on the actual analysis the Court must undertake to resolve defendants' motion to dismiss.

For example, defendants argue that it "stands to reason" that "in order to assert a claim under the ADA, a plaintiff must assert that he or she is an individual with a disability." Dkt. No. 12 at 5. But the Court finds this argument to be wrong both as a matter of the plain language of the statute and the relevant case law. *See* 42 U.S.C. § 12203(a)-(b) (prohibiting certain conduct

against "any individual" that has been taken "because such individual has opposed any act or practice made unlawful by this chapter" or "on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."). *See also*, *e.g.*, *Brooks v. Capistrano Unified School District*, 1 F. Supp. 3d 1029, 1036 (C.D. Cal. 2014) (finding that a special education teacher who appears not to have been disabled herself had engaged in a "protected activity" under the ADA by advocating on behalf of her disabled students).

The more difficult question raised by defendants' motion is whether plaintiff can state an ADA claim against individual persons like the two defendants here who are not plaintiff's employer, a state or local governmental agency, or owners of a place of public service or accommodation. *See* Dkt. No. 12 at 5. Mr. Rein's only response on this point is that defendants' such argument is "of course incorrect, as plaintiff's First Cause of Action is properly pled under § 12203, part of Title V of the ADA, while 'employment' is covered under Title I." Dkt. No. 20 at 3.

While Mr. Rein is correct that the statutory language does indeed suggest on its face that any "person" may be sued under the section of the ADA that he has invoked, a deeper dive into the statute shows why such a reading is not sustainable. While neither the Supreme Court nor the Ninth Circuit has ruled on this issue, one district court has persuasively observed:

> Subsection 12203(a) broadly prohibits retaliation by a "person." Subsection 12203(c) outlines the remedies available to an aggrieved person complaining of retaliation by referring that individual to the remedial sections of the appropriate subchapter. An aggrieved party who complains that a "person" retaliated against him or her in the context of employment is referred to Section 12117. An aggrieved party who complains that a "person" retaliated against him or her in the context of public services is referred to Section 12133. An aggrieved party who complains that a "person" retaliated against him or her in the context of public accommodation is referred to Section 12188. Therefore, *which remedies* a plaintiff is afforded depends on whether the alleged retaliation occurred with respect to employment, public services, or public accommodations.

*Stern v. California State Archives*, 982 F. Supp. 690, 693 (E.D. Cal. 1997) (emphasis in original).

Subsection 12203(c) outlines the remedies for subsections 12203(a) and (b), both of which Mr. Rein has brought suit under in this case. The obvious implication from the way subsection

5

United States District Court
Northern District of California

1   12203(c) is structured is that a plaintiff can only state a claim under subsections 12203(a) and (b)

2   against "persons" in the contexts of employment, public services or public accommodation, as it

3   provides no remedy outside of those contexts.  None of the contexts outlined by subsection

4   12203(c) apply here.

5          Similarly, this Court has held:

6                  While the Ninth Circuit has not specifically ruled on this matter, . . .
                   [t]he Fourth Circuit reasoned that "[t]he remedies available for a
7                  violation of the antiretaliation provision of the ADA in the
                   employment context are set forth in 42 U.S.C. § 12117" and section
8                  12117 "specifically makes the remedies available under Title VII
                   applicable to actions under the ADA." *Baird*, 192 F.3d at 471.
9                  "Because Title VII does not authorize a remedy against individuals
                   for violation of its provisions, and because Congress has made the
10                 remedies available in Title VII applicable to ADA actions, the ADA
                   does not permit an action against individual defendants for
11                 retaliation for conduct protected by the ADA." *Id*. at 472.  The
                   *Ostrach* court's focus on the word "person" overlooks this structure
12                 of the ADA. *See Stern*, 982 F.Supp. at 694.  [¶] The Court finds the
                   reasoning of the majority of courts persuasive and concludes that an
13                 individual cannot be liable under the ADA, including an ADA
                   retaliation claim.  Plaintiff's ADA claim against the individual
14                 defendants must therefore be dismissed without leave to amend.

15  *Cai v. Chiron Corp.*, No. C 04-1587 CRB, 2004 WL 1837985, at *4 (N.D. Cal. Aug. 17, 2004).

16         The Court agrees with the statutory construction and inferences stated in these cases, and

17  finds that the individual defendants named here cannot be liable for plaintiff's claims under

18  Section 12203 of the ADA.  Because this is a legal deficiency that cannot be fixed by amendment,

19  the Court dismisses the ADA claim against both defendants with prejudice.

20         Plaintiff's complaint itself acknowledges that his ADA claim is the only basis for federal

21  jurisdiction in this case.  *See* Dkt. No. 6 ¶ 3.  Because that lone federal claim is now dismissed

22  with prejudice, and this case is in an early stage with little investment of time or work by the Court

23  or the parties beyond this motion, the Court declines to exercise supplemental jurisdiction over

24  plaintiff's remaining state law claims.  *See* 28 U.S.C. § 1367(c) ("The district courts may decline

25  to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has

26  dismissed all claims over which it has original jurisdiction"); *see also Acri v. Varian Associates,*

27  *Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often

28  repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the

balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

### III. MOTION FOR SANCTIONS

Although the Court has concluded that plaintiff's ADA claim should be dismissed without leave to amend, the Court does not find that it was frivolous in nature, and the Court does not otherwise find that plaintiff's complaint violated FRCP 11(b).  Moreover, defendants have conceded that they themselves have violated the "safe harbor" period of Rule 11(c)(2).  *See* Dkt. No. 31.  The Court consequently denies the motion for sanctions.

### CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted without leave to amend, and defendants' motion for sanctions is denied.

The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED**.

Dated:  November 10, 2014

_____
JAMES DONATO
United States District Judge